SAMUEL NEWMAN *vs.* UNITED MOTOR LINES, INCORPORATED.

Third Judicial District, Bridgeport, October Term, 1928.

WHEELER, C. J., MALTBIE, HAINES, BANKS and YEOMANS, Js.

*Lawrence S. Finkelstone,* for the appellant (plaintiff).

*Lorin W. Willis,* with whom was *George Foster,* for the appellee (defendant).

PER CURIAM. The court set aside the verdict for $821 for the reason that the items of damage as testified to by Cassaly did not aggregate the amount of the verdict, $821, or approximately that, and as to practically all of his estimates were merely "rough estimates." Cassaly was the only witness as to the pecuniary damage to plaintiff's car; the defendant offered no witness upon this subject.

As we read the testimony, we think the jury were reasonably justified in finding for the plaintiff as to all of the items Cassaly testified to, except that of the value of the labor involved in making the required repairs, which he testified would amount to from $200 to $250. Some of the items Cassaly testified to contained an estimate for labor. It cannot be determined whether some of the estimates for labor in these items are not again charged in the general item for labor of $200 or $250. Again, Cassaly on his direct examination testified that he had been engaged in the automobile repair business for twenty years, and estimated the cost of the repairs to this car as between $800 to $900. On cross-examination he gave the various items which amounted upon plaintiff's claim to $818.50 and included a $200 item for labor. The plaintiff claimed to the jury to recover $821 and the verdict was for this amount. The recovery exceeded the ex-

act amount of the items plaintiff claimed to recover, including the $200 item for labor, by $2.50. There was no evidence of the $200 charge for labor except that of Cassaly. The trial court was of the opinion that the evidence as to the $200 item was not trustworthy evidence. Before we can hold that the court was wrong in its view that the jury were not entitled to include in their verdict the item of $200, we must find that in enforcing its view the court exercised its discretion unreasonably.

We cannot so hold, because the evidence left it uncertain and pure speculation whether this item of $200 had been included, in whole or part, in the other specific items testified to. The trial court was of the opinion this was too frail and uncertain a basis upon which to permit the recovery of this item for labor, and we agree in that conclusion.

Under such circumstances this item should have been excluded from the consideration of the jury in the charge. It is entirely clear upon the record that the jury took as the basis of their verdict the claim of damage of the plaintiff, $821, in which amount was included an item of $200 for labor and $2.50 as to which no testimony was given.

If the plaintiff shall file, within one week, a *remittitur* for $202.50 from the verdict for $821, the judgment of the Superior Court is set aside and judgment ordered rendered on the verdict for the sum of $618.50; if the plaintiff shall not file, within one week, said *remittitur*, the judgment setting aside the verdict is affirmed, and there is no error.